IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-81687-TJM |
| | ) | |
| JENNIFER K. BURDICK, | ) | CH. 13 |
| | ) | |
| Debtor(s). | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on September 17, 2007, regarding Filing No. 4, Motion to Extend Automatic Stay, filed by the debtor, and Filing No. 15, Resistance, filed by Mutual First Federal Credit Union. Micaela Brand appeared for the debtor and John Rogers appeared for Mutual First Federal Credit Union.

The debtor has filed a motion to extend the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B). The debtor and her former husband were in a prior Chapter 13 case which operated under a confirmed plan. That case, BK06-80357, was dismissed on the trustee's notice of payment default, Filing No. 68. The debtors had been ordered to file an amended plan, a motion to suspend payments or to bring the plan payments current by a date certain. Failure to do any of the above would, according to the order filed at Filing No. 72, result in dismissal. The debtors failed to do any of the above, and the case was dismissed.

After dismissal of the case and prior to the filing of this new case, Mutual First Federal Credit Union repossessed the debtor's vehicle because of lack of insurance. Two days after the repossession, this case was filed.

The vehicle remains in the custody of the sheriff and the creditor has made no effort to obtain a release of the vehicle and return to the debtor.

The creditor suggests that the filing of this case is done in bad faith in that the debtor did not have insurance for more than a month prior to the repossession, the debtor's current job pays her less than the job she had during the prior case, and the prior case was dismissed for failure to perform the terms of a confirmed plan.

The Bankruptcy Code at 11 U.S.C. § 362(c)(3) provides that if the debtor was in a prior case within one year of the petition date, but such case was dismissed, the automatic stay shall terminate on the thirtieth day after filing of the later case. The statute further provides that the court may extend the stay only if the debtor demonstrates that the filing of the case is in good faith as to the creditors to be stayed. However, § 362(c)(3)(C) provides that a case is presumptively filed not in good faith if in the prior case the debtor failed to perform the terms of the plan confirmed by the court.

The debtor may rebut the presumption that the case was not filed in good faith but to do so, the debtor must provide clear and convincing evidence. The debtor has not done so.

The prior case was dismissed for failure to comply with the terms of the plan. The debtor made significantly more money during the term of the prior plan than she makes now. There are no schedules filed in this case, so no comparison can be made to the debtor's net monthly income to the net monthly income available to her in the prior case.

  The lack of insurance is not an issue on the § 362(c)(3) motion. It may become an issue if the debtor seeks a sanction for violation of the automatic stay. See <u>Knaus v. Concordia Lumber Co. (In re Knaus)</u>, 889 F.2d 773 (8th Cir. 1989).

  IT IS ORDERED that because the debtor has not met her burden under the statutory provision, the motion for extension of the automatic stay (Fil. #4) is denied.

  DATED:  September 24, 2007.

                BY THE COURT:

                <u>/s/ Timothy J. Mahoney</u>
                Chief Judge

Notice given by the Court to:
  *Micaela Brandt
  John Rogers
  Kathleen Laughlin
  United States Trustee

*Movant is responsible for giving notice of this order if required by rule or statute.